# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Roxanne Rivera, individually,

    Plaintiff,

v.

Queen's Care In Home, Inc., a Colorado corporation,

Queen Moses, individually,

    Defendants.

---

## VERIFIED COMPLAINT

---

COMES NOW, the Plaintiff, Roxanne Rivera, by and through her attorney, Thomas H. Mitchiner, of Mitchiner Law, LLC, for her Verified Complaint against Defendants Queen's Care In Home Inc. and Queen Moses, states and alleges as follows:

### Nature of the Case

1. This is a wage and hour case, brought pursuant to the provisions of the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et. seq.* [CWCA], and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et. seq.*, as amended [FLSA]. Roxanne Rivera alleges that Defendants Queen's Care In Home, Inc. and Queen Moses intentionally failed to pay her overtime as required by the CWCA and the FLSA.

### Jurisdiction and Venue

2. Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331 and 1367(a).

3. This is an action authorized and instituted pursuant to the FLSA and the CWCA.

4. The claims in issue arose in the state of Colorado.

5. All claims arose in the Judicial District of this Court and venue is proper pursuant to 28 U.S.C. § 1391(b), (c).

## Parties

6. Plaintiff Roxanne Rivera [Rivera] is a resident of the state of Colorado her address is 3136 West Dakota Ave., Denver, CO 80219.

7. Rivera worked for Queen's Care In Home, Inc. from 2017 to April 2019.

8. Rivera most recently worked as a Personal Care Provider.

9. As a Personal Care Provider Rivera earned $12.70 per hour.

10. Rivera is an employee as defined by the FLSA and the CWCA.

11. Defendant Queen Moses [Moses] is a resident of the state of Colorado.

12. Moses owns, runs, operates, manages and is in control of Defendant Queen's Care In Home Inc.

13. Defendant Queen's Care In Home, Inc. [Queens] is a Colorado corporation, with its principal place of business located at 5054 Billings St. Denver, CO 80239.

14. Queen's Care In Home, Inc. and Queen Moses are referenced herein as "Queens."

15. Queens provides a wide range of home care and personal services to seniors and individuals with special needs.

16. These services include but are not limited to 24-hour, long or short-term care, hourly companion care, housekeeping, bath and shower assistance, and daily dressing.

17. Queens has employees working seven days a week.

18. Queens is an employer as defined by the FLSA and the CWCA.

19. On March 16, 2018 a former employee J. Allese Jackson filed a lawsuit in the U.S. District Court of Colorado seeking unpaid wages against Queens. Case No. 1:18-cv-00638-STV.

20. On August 24, 2018 the parties entered into a settlement agreement and the case was dismissed.

### General Allegations

21. Queens initially hired Rivera as an hourly employee paying her $10.00 per hour.

22. On or about January 1, 2018 Queens gave Rivera a raise to $12.00 per hour.

23. On or about April 21, 2018 Queens transitioned Rivera to a salary of $41,568.00 per year based on 40 hours of work per week at $12.70 per hour.

24. The subject of this Complaint is Rivera's work for Erica Jorgenson [Jorgenson].

25. Rivera worked for Jorgenson from May 2018 through April 2019.

26. Rivera worked for Jorgenson from approximately 6:00 am to 10:00 pm seven days a week.

27. Rivera worked approximately 112 hours each week.

28. Rivera helped Jorgenson get out of bed in the morning, take a shower, with her laundry, cooked for her, and cleaned for her among other similar duties.

29. Queens initially had Rivera record her hours on an application.

30. However, after some time Queens discontinued the use of the application and had Rivera handwrite the hours on a piece of paper.

31. Upon information and belief Queens does not have accurate records of the hours Rivera worked.

32. At the end of April 2019, Jorgenson's children decided that they would take over her care.

33. Queens did not have any other equivalent positions for Rivera, so Queens and Rivera parted ways.

34. On June 18, 2019 Rivera sent a demand letter to Queens demanding that Queen pay her for the overtime she worked.

35. Up until the filing of this complaint Queens has not tendered any money to Rivera.

36. Queens has informed Rivera that Queens owes Rivera $13,370.60 in overtime. *See Exhibit A, Roxanne Rivera Payroll 2017 – 2019.*

37. Rivera does not believe that Exhibit A accurately reflects the time she worked and the overtime she is owed but agrees that Queens owes her at least $13,370.60.

38.     Queens has never tendered to Rivera the $13,370.60 it agrees it owes Rivera.

## First Claim for Relief
(Colorado Wage Claim Act – Overtime – Queen's In Home Care, Inc.)

39.     The Plaintiff hereby incorporates the preceding paragraphs as if stated, fully herein.

40.     Rivera and Queens entered into a contractual arrangement in which Queens agreed to employ Rivera and to compensate her for her work.

41.     Rivera performed work as a Personal Care Giver for Erica Jorgenson on behalf of Queens.

42.     Rivera worked for Jorgenson from approximately 6:00 am to 10:00 pm seven days a week.

43.     Rivera worked approximately 112 hours each week.

44.     Queens only paid Rivera for forty-hours of work per week.

45.     Queens did not pay Rivera at a rate of one- and one-half times of her regular rate of pay for every hour she worked over 40 in a week or over 12 in a day.

46.     Queens has not tendered any money to Rivera after the sending of the demand letter entitling Rivera to penalties.

47.     As a result, Rivera suffered damages in an amount to be proved at trial.

## Second Claim for Relief
(Fair Labor Standards Act – Overtime – All Defendants)

48.     The Plaintiff hereby incorporates the preceding paragraphs as if stated, fully herein.

5

49. Rivera worked 112 hours each week as a Personal Care Giver.

50. From May 2018 through April 2019, Rivera worked from 6:00 am to 10:00 pm for Queens seven days a week.

51. Queens only paid Rivera for forty-hours of work per week.

52. Queens did not pay Rivera at a rate of one- and one-half times of her regular rate of pay for every hour she worked over 40 in a week.

53. As a result, Rivera suffered damages in an amount to be proved at trial.

**WHEREFORE**, Roxanne Rivera respectfully prays for a judgment in her favor and against Defendant Queens In Home Care, Inc. and Queen Moses awarding Plaintiff:

A. Against Queens In Home Care, Inc. and Queen Moses for wages and compensation owed under the Fair Labor Standards Act;

B. Against Queens In Home Care, Inc. and Queen Moses for liquidated damages available to Rivera under the Fair Labor Standards Act;

C. Against Queens In Home Care, Inc. and Queen Moses, for attorney fees under the Fair Labor Standards Act;

D. Against Queens In Home Care, Inc., for wages and compensation owed under the Colorado Wage Claim Act;

E. Against Queens In Home Care, Inc., for penalties owed under the Colorado Wage Claim Act;

F. Against Queens In Home Care, Inc., for attorney fees under the Colorado Wage Claim Act;

G. Costs; and

H. Such other relief as the Court deems proper.

Respectfully submitted this 25 November 2019.

>Mitchiner Law, LLC
>
>By:
>
>/s/ Thomas H. Mitchiner
>Thomas H. Mitchiner
>Mitchiner Law, LLC
>1888 N. Sherman St., Ste. 200
>Denver, CO 80203
>PH # 720-538-0371
>tmitchiner@mitchinerlawllc.com
>*Attorney for Plaintiff*

Address of Plaintiff:

3136 West Dakota Ave., Denver, CO 80219

## Verification of Complaint

I, Roxanne Rivera, pursuant to 28 U.S.C. § 1746 declare under penalty of perjury that the foregoing factual allegations are true and correct to the best of my knowledge.

Roxanne Rivera                                                                 11/13/2019
                                                                               Date

7